**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAUZAN FASYA, | No. 08-72435 |
| Petitioner, | Agency No. A095-427-538 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Fauzan Fasya, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order summarily affirming his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Fasya established he suffered past persecution when he witnessed two Chinese people being beaten. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Substantial evidence supports the agency's finding that, even as a member of a disfavored group of Chinese Indonesians, Fasya has not established a well-founded fear of future persecution because there is no evidence that he faces an individualized risk of harm. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 925(9th Cir. 2004); *see Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc). Accordingly, Fasya's asylum claim fails.

Because Fasya failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Fasya failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

08-72435

**PETITION FOR REVIEW DENIED.**